# VAN H. HIGGINS
## v.
## STEPHEN WHITE ET AL.

1. NOTICE— UNRECORDED DEED—NOTORIOUS POSSESSION.—Long continued, actual, open and visible possession of land under an unrecorded deed is regarded with like effect as if the deed had been recorded.

2. CONVEYANCES—SETTLEMENT BY FATHER UPON MINOR SON.—A settlement of land by good and sufficient deed, though unrecorded, from a father, while solvent, upon his minor son, followed by possession by the latter, is good as against subsequent judgment creditors.

ERROR to the Circuit Court of Cook county; the Hon. THOMAS MORAN, Judge, presiding. Opinion filed April 7, 1886.

Mr. GEORGE BURRY, for plaintiff in error; that the deed of 1865 to John C. is invalid as against the plaintiff because it has never been recorded and the plaintiff had no notice of it by possession, cited McMechan v. Griffing, 3 Pick. 154; Plumber v. Robertson, 6 S. & R. 184; Cook v. Travis, 20 N. Y. 400; Staples v. Fenton, 5 Hun, 172; Bell v. Twilight, 18 N. H. 159; Billington v. Welsh, 5 Binn. 129; Smith v. Yule, 31 Cal. 180; Clark v. Morris, 22 Ill. 434; Stone v. Cook, 79 Ill. 424.

Mr. RUFUS KING and Mr. ALLAN C. STORY, for defendants in error; as to possession, cited Woods v. Farmere, 7 Watts, 382; Plumber v. Robinson, 15 N. Y. 354; Flagg v. Mann, 2 Sumner, 554; Rogers v. Jones, 8 N. H. 264; Ellis v. Howman, 90 N. Y. 466.

As to voluntary settlement when grantor is solvent: Sexton v. Wheaton, 8 Wheaton (S. C.), 238; Crawford v. Logan, 97 Ill. 396; Moritz v. Hoffman, 35 Ill. 553; Matthews v. Jordan, 88 Ill. 602; Tunison v. Chamblin, 88 Ill. 378.

McALLISTER, J. This is error upon a decree of the court

Higgins v. White.

below, dismissing on the hearing, for want of equity, the bill of plaintiff in error, Higgins, brought against Stephen White, John C. White and Emma H. White, to set aside a deed dated December 3, 1879, made by said Stephen to said Emma H. White, of certain described real estate situate in this county, comprising about fifty-one acres, and with improvements thereon, it being alleged that said deed was made to hinder, delay and defraud complainant as a judgment creditor of said Stephen White, and was an obstruction to an execution against the latter, which complainant had caused to be levied upon said real estate as the property of said Stephen White.

It appears from the record that July 10, 1877, one Osgood, recovered a judgment in the court below, against the Protection Life Insurance Company, of ten thousand and seventy-five dollars and sixty-seven cents, from which the latter took an appeal to this court, and that said Stephen White and one Simons were induced to sign an appeal bond on behalf of said insurance company as sureties, for the purpose of said appeal, which bond was in the penal sum of eleven thousand and five hundred dollars; that said judgment having been affirmed, and it having been assigned by said Osgood to Higgins, suit was brought on said bond in the name of the former for the use of the latter, terminating February 18, 1880, in a judgment against said Stephen White, for the amount of said penalty as debt, and for the same amount as damages, on which an execution issued at once, which, April 9, 1880, was levied on the land in question, situate in this county, as the property of said White, which levy remained, no sale being made.

In addition to the foregoing facts, complainant proved that said Emma H. was the wife of said John C. White, and that he was the son of said Stephen; that after said judgment on said bond, and December 3, 1879, said Stephen White executed to said Emma the deed of the land in question, described in the bill, which was recorded the 15th of same month; that the only consideration therefor was a covenant on the part of said Emma, with a surety, to support said

Stephen during the remainder of his life, he being an old man at that time; that at the time of said deed said Stephen was insolvent. Many other matters were shown in evidence on the part of complainant, which had no relevancy to the real issues in the cause. This bill was filed, not as a creditor's bill, but in aid of said execution levied upon the land in question as the property of Stephen White, by setting aside said deed and removing an obstruction to such execution. And if the foregoing were all of the case, the complainant would have been entitled to the relief. But it was set up by the defendants in their answers, and shown by the evidence, that said John C. White being the only child of said Stephen White, the latter, July 29, 1865, some twelve years before he signed said appeal bond, as a settlement upon said John C., who was then about sixteen years of age, conveyed by a good and sufficient deed, the land in question to said John C. White, the consideration expressed in the deed being one dollar, and natural love and affection. It was shown by uncontradicted testimony, that at that time the said Stephen White was free from all debts and liabilities, and so continued for eight or ten years thereafter; that the premises in question were then worth not to exceed seventy-five dollars per acre, and comprised not to exceed fifty-one acres, on which was a house that cost from three to four thousand dollars, and that said Stephen White was carrying on the business of making lime, which yielded an income sufficient for his support, and that he was the owner of property other than said land, to the amount of ten or twelve thousand dollars. There was no allegation in complainant's bill respecting this last mentioned conveyance to said John C. White, and there was no evidence whatever, tending to show that it was made with the intention to defraud future creditors. In short, there was neither an issue nor any evidence involving the *bona fides* or otherwise, of the making of that conveyance. The parties did not, for the first few years after the making it, deem it important to have the deed recorded, and when, after the great fire in Chicago, said John C. White wanted to leave it for record, he found that he had, after using it in evidence in certain ejectment and tres-

pass suits respecting the land or some portion of it, left it before said fire with his attorney in Chicago, and it could not be found.   It was found pending this case, and clearly established.   Indeed, there was no controversy as to its genuineness or validity ; but the contention was that, not having been recorded, it was inoperative.   But it appears, by what seems to us to be the clear weight and preponderance of the evidence, that for several years prior to, at the time said Stephen White became surety upon said bond, and continuously, down to the time of judgment thereon and the levy of said execution, the said John C. White was in the actual, open and visible possession of said land, performing, from time to time, as occasion required, acts of ownership in respect thereto, of such a character as ought to have made his possession and ownership of said land a matter of notoriety in the vicinity thereof.   In the light of the decisions of our Supreme Court, cited by counsel for defendants in error, under that head, we must regard that possession as notice of John C. White's title to said land, with like effect as if the deed of July 29, 1865, had been duly recorded.

This, then, is the case : Stephen White, being at the time free from debt or liabilities and having no intention of defrauding future creditors, in 1865, conveyed the land in question to his then infant son by way of settlement upon the latter, and that son, long before Osgood or Higgins became a creditor of said Stephen, went into and continued in the actual, open, visible possession of said land, and those subsequent creditors are endeavoring to subject said land to the payment of the judgment aforesaid, without alleging or proving any act or circumstances with which said John C. White was connected, which might have a tendency to impair his rights in the premises.

It is clear law, that such a settlement by the father upon the son, under the circumstances as stated, is good as against Osgood, or Higgins, his assignee.   Mixell v. Lutz, 34 Ill. 382 ; Moritz v. Hoffman, 35 Ill. 553 ; Gridley v. Watson, 53 Ill. 186; Bridgford v. Riddell, 55 Ill. 261 ; Pratt v. Myers, 56 Ill. 23 ; Emerson v. Bemis, 69 Ill. 527 ; Patrick v. Patrick, 77 Ill.

555; Matthews v. Jordan, 88 Ill. 602; Patterson v. McKinney, 97 Ill. 41.

As a matter of course, if John C. White's title is good as against the judgment and execution in question, it is of no consequence that the said conveyance by Stephen to Emma II. White, made in 1879, was fraudulent as to that judgment, John C. White having no connection with that transaction, in a way that estops him from setting up the prior deed to him.

We perceive no reason for sustaining the cross-error of Stephen White upon that part of the decree which subjected him to the payment of costs. The chancellor was vested with discretion as to the question of costs; and very good ground appears as to White's conduct, which would justify the decree in that respect.

The decree will in all respects be affirmed.

Affirmed.

MORAN, J., took no part in the decision of this case.